Judge Buckner
delivered the opinion of the court.
This is a writ of error, prosecuted by the plaintiff in error, to reverse a judgment entered against him, in an action of assumpsit, instituted by him, against the defendants.
*542 The only question necessary to be considered, re* lates to the sufficiency of the defendant’s plea to the-ancj second counts of the declaralion, and of the replication thereto.
In the first count, it is averred that the defendants, late merchants, trading under the style of Letcher & McKee, in consideration of $419 worth of patent medicine, sold and delivered to them by plaintiff, promised and assumed upon themselves to pay said sum on demand.
In the second (count, it is averred) that the defendants being indebted to the plaintiff, in the further sum of $500, for goods, wares, and merchandize, sold delivered, &c-, promised to pay the same, on demand.
The defendants pleaded non-assumpserunt to each; and also that the causes of action, as there in set forth, are founded upon accounts for goods, wares, and merchandize, sold and delivered by plaintiff to defendants ; and, that said causes of action'had not accrued within twelve months, next preceding the sueing out the cnpias, in this suit. To this the plaintiff replied, that at the time of the sale of the goods, mentioned in first and second counts, the defendants were merchants; and that the-debt, therein specified, was due, on an account created between plaintiff and defendants, as merchants, for goods, wares, and merchandize; and that the plaintiff was, when his action accrued, and hitherto has remained, a non-resident of the State.of Kentucky,
The declaration contains other counts, to which pleas were filed, on which issues were joined; and a verdict having been returned in favor of the defendants, the plaintiff moved for a new trial, on the grounds that the court had improperly instructed (ha jury; and that the verdict was contrary to law and evidence; but the motion was overruled.
The errors assigned, question the correctness of various opinions given by the court, during the progress of the cause; but we shall not notice any of them, except those mentioned.’
Upon the demurrer to the replication of the plaintiff, the whole pleadings were brought before the *543 court. As, therefore, it has been insisted that the defendant’s plea of the statute of limitations is invalid: we shall, in the first place, inquire the objection to it be tenable. It is, that as the 5th section of the statute of limitations, of December 1796, upon which the plea is based, embraces the accounts of merchants only, it is essential to the validity of the plea, that the fact of the plaintiff’s being a merchant should be expressly averred. That it should appear from the pleadings, that the medicines were sold by plaintiff as a merchant, is, no doubt, correct; but that it must be averred, in totidem verbis, cannot be admitted. It is sufficient, if it be substantially averred, in other words, if from the pleadings, admitting their truth, he must necessarily have been such.By tlie section referred to, it is provided, that all actions or suits founded upon account for goods, wares, or merchandize, sold and delivered, or for any article charged in any store account, shall be commenced and sued, within twelve months next after the cause of such action or suit, or the delivery of such goods, wares, and merchandize, and not after, except &c. The plea under consideration conforms to the words of the statute; and the averment, that the causes of action, as set forth in the first and second counts, are founded on accounts for goods, wares, and merchandize, sold and delivered by the plaintiff to the defendants, is equivalent to a declaration or averment, that the plaintiff was, at the time, a merchant. Those articles only, which are sold kept for sale by á merchant, can be properly denominated goods, wares, and merchandize. That which, if sold by a merchant, in the course of his business such, may, with propriety, be termed merchandize, could not be truly so styled, if sold by a farmer. The linsey or linen of a farmer, which he sells, are not merchandize; nor does a lapse of twelve months, from the time of such sale, until suit instituted, bar his right to recover the value or price of them, in an action of assumpsit. But should a merchant buy them, and again vend them, or keep them for sale, in the course of his mercantile pursuits, they would be merchandize; and the bar provided by the 5th section of the act referred to, would apply to his demand for the price of them, in an action of assumpsit, *544 on an account, if twelve months from the delivery of such goods, &c., should elapse previous to the insti-of the suit. “Those only, who traffic in the way of commerce, by importation or exportation; or carry on business, by way of emption, vendition, barter, permutation, or exchange; and who make it their living to buy and sell, by a continued assiduity, or frequent negotiations in the mystery of merchandize, are esteemed 'merchants.” — Jacob’s Law Dic. vol. IV. 275.
orThofgarticles oniy1 which are sold or for sa’e chant, can be properly denominated a°(°i merchandise.
*544 We are therefore of opinion, that (he plea is goood, unless the charge in the declaration against the defendants, as merchants, be considered as a sufficient averment of that fact; and if it be not sufficient, the fact that the account was created between plaintiff and defendant, as merchant and merchants, is distinctly averred, in the plaintiff’s replication to the plea. We shall, therefore, proceed to examine in what attitude that phices the parties.
By the fourth section of the act already cited, it is provided, “that all actions of account, and upon the case, other than such accounts, as concern the trade of merchandize, between merchant and merchant, their factors or servants, (and various other actions there mentioned) shall be commenced and sued, within the time and limitation, hereafter expressed, and not after; that is to saj’, the said actions upon the case, other than for slander; and the said actions for account, (and other actions there enumerated) within live years, next after the cause of such action or suit, and not after.”
In considering the plea and replication, this question presents itself. Is there, under our statute of limitations, any limitation to actions of account, or of assumpsit, founded on open or current accounts, which concern the trade of merchandize, between merchant and merchant?
That each of these actions is placed in this respect, on the same footing; and that each is embraced by the exception in the Virginia statute, which is similar to ours, was decided (and we think correctly) by the Supreme Court of the United States, in the case of Mandeville and Jameson vs. Wilson, V. Cranch, 15; see also Sergeant Williams’s note to the *545 case of Webber vs. Tivill, in his edition of Saunder’s Rep. II. vol. 124.
-That there is no limitation provided in the 4th -section, is too plain to require comment. The exception which it contains is explicit, and does not admit serious controversy as to its meaning; and renders it a matter of surprise, that, by some decisions •of the English courts, upon a similar clause of their statute of limitations, such accounts should have been so far confounded with those of a different character, as to be placed within the operation of the limita-tion provided in the statute for ordinary accounts, where all dealings between plaintiff and defendant had ceased, for more than six years, before action or suit instituted. The only ground on which to rest such, decision, with the slightest plausibility, is to consider the account, although it concern the trade of merchandize, between merchant and merchant, their factors or servants, as a stated account; merely because dealings between the parties had ceased. But such a ground, to make the most of it, is merely plausible.
In the above cited case of Mandeville & Jameson vs. Wilson, it is decided, that an account closed by the cessation of dealings, between the parties, is not an account stated; that it is not necessary that any of the-items should come within the five years; and that the exception extended to all accounts current, which concern the trade of merchandize, between merchant and merchant.
In the case of Landsdale against Brashear, III. Mon. 333; this .court, in speaking of the exception under consideration, says, that it was certainly intended by the expression, “such accounts as concern the trade of merchandize, between merchant and merchant, fyc.f to distinguish a certain class of accounts from others, and to place them on a more privileged footing; and that a construction which brings them to the same level with others, or raises others to the-same privilege, cannot be correct; see, also, the case of Patterson vs. Brown, VI. Monroe, 10; in which it is said, that between merchants dealing with each other, in their several business, there is no bar.
Under our statuteofhm-js^t)0"imita-6 tion to actions of account or founded on • open or cur-vent accounts, cern the trade of merchandize) between merchant and
If, then, the fourth section presents no bar, in such cases> is one to be found in the fifth? We are of opinion that it is not. Had the legislature intended to provide a limitation in such cases, having expressly excepted them in the fourth, they would, doubtless, have expressly included them in the fifth section. It is true that their meaning has not been as happily eXpressed as it might have been; for, whilst from the fourth section the period of five years, next after the cause of action, is the limitation fixed, within which, to commence all actions of account and assumpsit, except those founded on accounts which concern the trade of merchandize between merchant ancj merchant, their factors or servants, the fifth sec^on reduces the limitation in a class of actions of account and of assumpsit, not embraced within the exception, to the period of twelve months, next after the cause of action, or delivery of the goods, wares, and merchandize.
To have expressed their intention clearly, after the words, “their factors or servants,” in the fourth section, the exception should have been extended, by adding, and other than such accounts for goods, wares, and merchandize, sold and delivered, as are embraced by the fifth section of this act. Then the fifth section providing the limitation for one class of the excepted cases, and omitting to say any thing as to the other, would have left no room for argument. But it is nevertheless apparent, taking a view of the two sections in connection, even as they stand, that the fifth was not intended to embrace that class of accounts which are excepted by the previous section. The replication in this case ayerring, that at the time of the sale of the goods, mentioned in the first and second counts, the defendants were merchants, and that the debt therein specified was due on an account created between plaintiff and defendants as merchants, for goods, wares, and merchandize, brings the case within the substance, if not the letter, of the exception in the fourth section; so far as relates to its being an account concerning the trade of merchandize, between merchant and merchant. The •demurrer to the replication was, therefore, erroneously sustained; unless it is defective because it •does not aver that the account, on which the action *547 is founded, is an open or current account; for such only are embraced by the exception, in the fourth section of the act of limitations. Had the limitation relied on in the plea, been five years, instead of twelve months, such an averment would, no doubt, have been necessary to the validity of the replication; because five years is a bar to stated or settled accounts; and as there is no form of declaring, in an indebitatus assumpsit, upon an open or current account, so as to shew, by averment, in the declaration that it is an account of that character, the fact, that the account sued on was open or current, must appear by averment in the replication to such plea. See the case of Edwards vs. Davis, IV. Bibb, 213. But as the bar relied on, in this case, is twelve months, the plea of the defendant is insufficient, unless it be considered as applying to an open account; in which case it would be unnecessary to aver in the replication, that.it was such an account; or unless the fifth section can be correctly construed as applicable to stated accounts. It therefore becomes necessary to enquire into that matter.
The language of the fifth section is, indeed, in very general and comprehensive terms, “all actions or suits founded upon account for goods, wares, and merchandize, sold and delivered; or for any article charged, in any store account, shall be commenced, &c.” But in endeavoring to ascertain its proper construction, we must have regard to the evils intended to be guarded against by its enactment, as well as to the language employed; and if that view of it, shall confine its application to current accounts, it will not be indulging a greater latitude of construction, so to determine, than that which has been allowed in relation to the exception in the fourth section, where expressions equally comprehensive, “such accounts as concern the trade of merchandize, between merchant and merchant,” have been adjudged not to apply to stated accounts. The embarrassment and distress, which so frequently resulted, to persons influenced by the hope of extensive credit, from creating accounts with their merchants, often to extents far beyond what they supposed to be due, until they made settlements, as well as the facility with which the merchant, if dishonestly disposed, might in many cases practice frauds *548 in making out his accounts, dictated the policy of ths fifth section. But if the defendant chooses to enter into a settlement, and the parties, by such settlement,, and-striking a balance, change that which was before a current into a stated account, or if the defendant make an express promise to pay, a new foundation of action is thereby laid. “It is advisable, (says Chilty) in all declarations in assumpsit, for the recovery of a money demand, except against an infant who cannot state an account, to insert a count, on an account stated. The acknowledgment by the defendant, that.a.sum certain is due, creates an implied promise to pay the amount, and it is not necessary to set forth the subject matter of the original debt; nor is the sum alleged, to be due, material; nor is it necessary that the defendant’s admission should relate to more than one iterri.or transaction; see I. vol. 254. Thus we find, that in an insimul compu-tassent count, the subject of the original debt or account is not set forth, but it is only avered, that the parties having accounted the defendant was found to be in arrear to the plaintiff in a named sum; and that, in consideration thereof, he undertook, &c. Now in such case the suit is not founded on an account, any more than an action of express assumpsit would be; and in the case of Beal vs. Edmondson; Call’s Reports, III. vol. 514, it was decided, that the limitation of six months to actions on store accounts, provided by the Virginia statue of 1779, the provisions of which, in relation to such actions and accounts, are similar to the fifth section of our act of limitations, cannot be applied to an express assumpsit to pay the amount of a store account.
The twelve months limitation to merchants accounts, embraces only currenli accounts ,.
Turner, for plaintiff; Owsley for defendant.
Wherefore the judgment of the circuit court must be reversed, and the cause remanded, with directions to.overrule the demurrer to the replication; and for such, further proceedings to be paid, as may not be inconsistent with this opinion.
.Note. — Absent Chief Justice Robertson*.